IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABITSCH & ABITSCH, LLC, | No. C 12-3684 WHA |
| Plaintiff, | |
| v. | **ORDER REGARDING APPLICATION FOR TRO AND REMANDING ACTION TO STATE COURT** |
| DARUKA WANIGATUNGA, *et al.*, | |
| Defendants. | |

Defendant Daruka Wanigatunga seeks a stay and temporary restraining order enjoining a writ of execution issued by San Francisco Superior Court. Because this Court does not have subject-matter jurisdiction it lacks the power to grant such relief.

The underlying action is an unlawful detainer action brought by plaintiff Abitsch & Abitsch LLC, in the Superior Court of California, County of San Francisco. The burden of establishing federal jurisdiction is on the party seeking removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (1992). Defendant removed this action on July 13, 2012, based on federal-question jurisdiction. An unlawful detainer action does not present a federal question. Along with the notice of removal, defendant pled a counterclaim alleging that plaintiff violated the Racketeer Influenced and Corrupt Organizations Act and the Federal Debt Collection Practices Act. A counterclaim that presents a federal question does not create a basis for removal. *See Takeda v. Nw. Nat. Life Ins. Co.,* 765 F.2d 815, 821–22 (9th Cir. 1985) (removal is only proper "if the federal question appears on the face of the plaintiff's well-pleaded complaint"). Defendant does not assert diversity jurisdiction. To sum up, defendant has not met his burden of establishing subject-matter jurisdiction, and this order finds no basis for subject-matter jurisdiction.

Accordingly, this Court is without power to adjudicate defendant's application for a temporary restraining order.  For the foregoing reasons, this action is **REMANDED** to the Superior Court of San Francisco County.

**IT IS SO ORDERED.**

Dated: July 31, 2012

EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE