IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABITSCH AND ABITSCH, LLC | No. C 12-03684 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR AMENDED ORDER OF REMAND** |
| DARUKA WANIGATUNGA, | |
| Defendant. | |

Before the Court is plaintiff's motion for an amended order of remand. On July 31, 2012, the Court issued an order denying defendant's application for a TRO and remanding the matter to state court due to lack of federal jurisdiction (Dkt. No. 7). Plaintiff now moves the Court to amend its order to backdate it to "be effective *nunc pro tunc* as of July 13, 2012." For the reasons stated below, the motion is hereby **DENIED**.

Plaintiff filed an unlawful detainer action against defendant in state court. Defendant removed the action to federal court five times in an apparent attempt to stall the state court proceedings. Each time, this Court has remanded the case in no uncertain terms due to lack of jurisdiction. Plaintiff states that the case was set for trial in state court on Monday July 16. On the Friday before trial, defendant removed the case to federal court for the fifth time. Defendant did not file a notice of removal with the state court until July 17. On July 16, the state court sent the case to trial, noting that the notice of removal had been presented to the court but had not actually been filed. That same day, the court granted judgment in favor of plaintiff. The judgment was signed and entered on July 17, and a writ of execution was issued the following

day. Defendant was evicted on August 1. On August 13, defendant filed a motion to vacate and set aside the judgment, in part on the ground that the state court lacked jurisdiction to enter judgment after the case had been removed to federal court. Plaintiff's motion requests that this Court backdate its order on remand to be effective *nunc pro tunc* as of July 13, 2012, the same day that defendant removed the case to federal court.

"*Nunc pro tunc* amendments are permitted primarily so that errors in the record may be corrected. The power to amend *nunc pro tunc* is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice. It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose." *United States v. Sumner*, 226 F.3d 1005, 1009–10 (9th Cir. 2000) (citations omitted). Here, defendant removed the action to federal court on July 13. Pursuant to the federal and local rules, the Court issued an order to remand the case upon review of the first motion filed after defendant's notice of removal. There is no error to correct. While the Court is sympathetic to plaintiff's position in light of defendant's repeated abuses, plaintiff may seek relief through other more appropriate avenues, including before the state court in which the judgment was entered. Defendant and his counsel are warned to please NOT remove this action yet again.

**IT IS SO ORDERED.**

Dated: September 4, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2